# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

JOHN ANDREWS, Respondent, *v.* MORRIS KEELER, Appellant.

*A note, after the maturity thereof, runs at the rate of interest specified therein until it is merged in a judgment thereon.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. One of the causes of action stated in the complaint was on a promissory note made by the defendant.

With reference to this, the court at General Term said: "Another item of the plaintiff's claim was a promissory note made by the defendant, dated April 17, 1867, for $775.10, payable ten days after date, with interest at six per cent. The referee, after deducting all payments proved, allowed the plaintiff interest on the balance, at the rate of seven per cent, from the time of the maturity of the note. In this, we think he erred, the true rule being that the interest is to be computed at six per cent according to the rate prescribed by the contract, until it ceases to operate by being merged in the judgment. (*Miller* v. *Burroughs*, 4 Johns. Ch., 436; *Van Beuren* v. *Van Gaasbeck*, 4 Cow., 496; *Cromwell* v. *County of Sac.*, 96 U. S. Sup. Ct., 51; *S. C.*, 17 Alb. L. J., 264.)"

*S. Edwin Day*, for the appellant. *W. E. Hughett*, for the respondent.

Opinion by SMITH, J.; TALCOTT, P. J., and HARDIN, J., concurred.

Judgment reversed and new trial ordered before another referee, costs to abide event, unless the plaintiff will stipulate that the

judgment be modified by striking out the sums allowed by the referee upon the two instruments dated January 7, 1869, and also by computing interest on the promissory note of April 17, 1867, at six per cent instead of seven per cent, and reducing the recovery thereon accordingly, and that in such case the judgment, as so modified, shall be affirmed, without costs of this appeal to either party as against the other.